DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHRISTOPHER D. VIEIRA (CABN 273781)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7301
    FAX: (415) 436-7027
    christopher.vieira@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 20-00054 CRB |
| Plaintiff, | [~~PROPOSED~~] DETENTION ORDER |
| v. | |
| SANTOS EUGENIO AVILA-MONTES, | |
| Defendant. | |

On February 6, 2020, defendant Santos Eugenio Avila-Montes was charged by indictment with distribution of methamphetamine and cocaine base and possession with intent to distribute heroin, methamphetamine, and cocaine base, all in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C).

This matter came before the Court on February 21, 2020 for a detention hearing. The defendant was present and represented by Assistant Federal Public Defender Geoffrey Hansen. Special Assistant United States Attorney Christopher Vieira appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of

conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: first, the defendant is a Honduran citizen with significant ties to Honduras; second, the defendant was previously deported from the United States; and third, the defendant did not have any sureties. These findings are made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: February 25, 2020

HONORABLE JOSEPH C. SPERO
Chief United States Magistrate Judge